IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| M3 PRODUCTIONS, INC. | ) | CIV. ACTION FILE NO. |
| Plaintiff, | ) | |
| v. | ) | |
| DARON JONES and QUINNES D. PARKER | ) | |
| Defendants. | ) | |

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF PURSUANT § 1114 AND §1125 OF THE LANHAM ACT AND SECTION §10-1-372 OF THE GEORGIA UNIFORM DECEPTIVE TRADE PRACTICE ACT**

Comes Now, the Plaintiff, M3Productions, Inc. ("M3") by and through undersigned counsel requesting the Court, pursuant to Sections 1114 and 1125 of the Lanham Act and §10-1-372 of the Georgia Uniform Deceptive Trade Practices Act issue a temporary restraining order and preliminary injunction enjoining Defendants, Daron Jones ("Jones") and Quinnes D. Parker ("Parker'), including their agents, divisions, subsidiaries, affiliates, partnerships, and joint ventures from the false designation of the origination, false advertising and unfair competition practices relating to the unauthorized use of Plaintiff's registered

trademark, including but not limited to music, appearance, identity and promotions.

Plaintiff's require the assistance of the Court to maintain the status quo and to prevent any further injury to the Plaintiff, dilution of the brand, and public confusion and mistake.

## PRELIMINARY STATEMENT

1. Marvin Scandrick ("Scandrick"), Quinnes Parker ("Parker"), Daron Jones ("Jones"), and Michael Keith ("Keith") formed the Grammy Award winning R&B group, 112 in 1996. The group enjoyed immediate success with their double platinum debut album in 1997. As a collective, the group has sustained national and international recognition and acclaim.

2. Throughout the years, Defendants left the group to pursue solo projects, however, lead singer, Marvin Scandrick and Michael Keith have never departed from the group. To date, they continue to perform as 112.

3. Most recently, Defendants, Parker and Jones left the group one final time in 2017 citing monetary and accounting issues.

4. The Defendants began performing togethering continuing to identify themselves by their respective names or some semblance of their names and attached themselves to 112. e.g. "Q. Parker of 112". (*See Plaintiff's Complaint &*

*Exhibits 4-5 Promotional flyer).* Parker and Jones secure and appear at events and performances using the 112 monikers. The Defendants continue to benefit from their marketed association with 112.

5. On or about March 22, 2018, M3 Productions, Inc. filed for trademark protection of the group's name, 112 under class 41. (See Trademark Registration Attached Hereto As Exhibit 9)

6. On August 13, 2018, Defendants acknowledged notice of Plaintiff's trademark application during proceedings in Fulton County Superior Court case 2018CV30549 wherein Defendant's sought to enjoin the group's manger from use of the name 112.

7. The United States Patent and Trademark Office granted registration number 5,639,776 trademark protection of the name 112 to M3Productions, Inc. under Class 41 on December 25, 2018.

8. In a written order issued on February 9, 2019, the trial court noted that Defendants' were aware of the pending trademark registration and determined that Plaintiff, M3 owned the trademark.

9. In January 2019, Plaintiff's learned that despite having notice since on or after August 13, 2018 of Plaintiff's trademark application and registration Defendants continued to disregard Plaintiff's ownership of the trademark.

10. Defendants continue to use the registered 112 name in its promotions, advertising and marketing of scheduled events.

11. In an attempt to resolve this issue, on January 29, 2019 Plaintiffs sent Defendants and their agents a request to cease and desist letter through counsel.

12. To date neither Defendant's nor their agents have responded to Plaintiff's cease and desist notice.

13. Defendant's unauthorized use has resulted in dilution and confusion as to the composition of the 112 brand resulting in confusion for booking agents, venues and fans.

## THE PARTIES

14. Plaintiff, M3 Productions, Inc., is a registered Georgia corporation having a principle address of address c/o 3421 Main Street, Atlanta, GA 30337. M3 is the sole owner of the 112 trademark. M3 Productions is owned by group member, Marvin Scandrick.

15. Defendant, Jones, is an individual having principle address of 185 Briers Ridge, Fayetteville, GA 30214. Defendant Jones is a former member of 112. He is not authorized to use the name or trademark 112.

16. Defendant, Parker is an individual having a principle address of 5251 Vinings Spring Court, Mableton, Georgia, 30126. Defendant Jones is a former member of 112. He is not authorized to use the name or trademark 112.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, l337(a), and 15 U.S.C. § 53(b).

18. This Court has personal jurisdiction over the Defendants because, on information and belief, (a) the has marketed, advertised, promoted appearances, performances and events to persons within the State of Georgia; and/or the Defendants have otherwise made or established contacts within the State of Georgia sufficient to permit the exercise of personal jurisdiction.

19. The Court has supplemental jurisdiction over the State of Georgia's claims for violations of the Georgia Unfair Trade Practices Act pursuant to 28 U.S.C. § 1367(a) as those claims are related to the claims brought under federal law that they form part of the same case or controversy, and because those claims arise out of the same transactions or occurrences as the claims brought pursuant to 15 U.S.C. §§ 45(a) and 53(b).

20.	Venue is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) and 15 U.S.C. § 53(b). because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

21.   The name 112 is a valid and existing registered trademark with the United States Patent and Trademark Office.  The trademark is owned by the Plaintiff, M3 Productions. The 112 name is widely known and recognized due to its Grammy Award winning status.

22.   Defendants' use of a confusingly similar is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants are associated or connected with 112 or have the sponsorship, endorsement, or approval of Plaintiff.

23.   Defendants' use of Plaintiff's 122 trademark is confusingly similar to Plaintiffs' federally registered marks in violation of 15 U.S.C. § 1114.

24.   Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion as a Grammy Award winning R&B group, for which Plaintiff has no adequate remedy at law.

25.   Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the 112 is trademark causing Plaintiff great and irreparable harm.

26.   Defendants have caused and are likely to continue causing substantial injury to the public and to the 112 brand and trademark, Plaintiff is

entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

### SECOND CLAIM FOR RELIEF
### (False Designation of Origin, False Advertising and Unfair Competition Under Lanham Act Section 43 (A))

27. The actions of the Defendants constitute false designation of origin false advertising and unfair competition pursuant to Section 43(a) of the Lanham Act ( 15 U.S.C § 1125 (a)).

28. Defendant's use of a confusingly similar use of the 112 name has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' performances and appearances are by 112 or are affiliated, connected, or associated with 112, or have the sponsorship, endorsement, or approval of 112.

29. Defendant has made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members public, and, additionally, injury to 112's goodwill and reputation for which Plaintiff has no adequate remedy at law.

30. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the 112 brand and trademark to the great and irreparable injury of Plaintiff.

31. Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution of the 112 Mark)

32. For decades, Plaintiff has exclusively and continuously promoted and used the name 112 both in the United States and throughout the world. The 112 name and trademark became a famous and well-known symbol of the Grammy Award winning R&B group 112.

33. Defendant is making use in commerce of the infringed use of the 112 trademark, which dilutes and is likely to dilute the distinctiveness of the 112 trademark by eroding the public's exclusive identification of the name with 112 tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish 112's sound as offered by lead singer Scandrick.

34. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with 112 or to cause dilution of the mark to the great and irreparable injury of Plaintiff.

35. Defendant has caused and will continue to cause irreparable injury to 112's goodwill and business reputations, and dilution of the distinctiveness and value of Plaintiff's well known distinctive sound and performances in violation of 15 U.S.C. § 1125(c). Plaintiff is therefore entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

### **FOURTH CLAIM FOR RELIEF**
(Unfair and Deceptive Trade Practices)

36. Defendants have been and is passing off its goods as those of 112 causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendant's affiliation, connection, or association with Plaintiff's 112 trademark and otherwise damaging the public.

37. Defendants conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including Georgia.

38. Defendants' unauthorized use of a confusingly similar name as Plaintiff's 112 trademark has caused and is likely to cause substantial injury to the public and to 112. Plaintiff is therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## SIXTH CLAIM FOR RELIEF
(Common Law Trademark Infringement and Unfair Competition)

39. Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

40. On information and belief, Defendants with full knowledge of Plaintiff's use of, and statutory and common law rights to, Plaintiff's 112 mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

41. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's 112 trademark to the great and irreparable injury of Plaintiff.

42. As a result of Defendants' acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Defendants' profits, damages, and

11

costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Plaintiff's 112 trademark and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff additionally is entitled to punitive damages.

## SEVENTH CLAIM FOR RELIEF
(State Trademark Dilution and Injury to Business Reputation)

43.     Plaintiff has extensively and continuously promoted and used the 112 trademark throughout the United States, and 112 became a distinctive, famous, and well-known Grammy Award winning R&B group before Defendants began using the 112 name.

44.     Defendants' conduct dilutes and is likely to dilute the distinctiveness of the 112 trademark by eroding the public's exclusive identification of this mark with the original 112 group and tarnishing and degrading the positive associations and prestigious connotations of the 112 mark, and otherwise lessening the capacity of the mark to identify and distinguish 112 appearances, performances and events.

45.     Defendants are causing and will continue to cause irreparable injury to 112's goodwill and business reputation and dilution of the distinctiveness and value of the 112 brand and trademark in violation of the Georgia anti-dilution statute, Georgia, GA. CODE ANN. § 10-1-451 (2018) and other states as well, including as well as the anti-dilution laws of several other states, including

Alabama, ALA. CODE § 8-12-17 (2018); Alaska, ALASKA STAT. § 45.50.180 (Michie 2018); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2018); Arkansas, ARK. CODE ANN. § 4-71-213 (2018); California, CAL. BUS. & PROF. CODE § 14247 (West 2018); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2018); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2018); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2018); Idaho, IDAHO CODE § 48-513 (Michie 2018); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2018); Iowa, IOWA CODE ANN. § 548.113 (West 2018); Indiana, IN. CODE 24-2-13.5 (West 2018); Kansas, KAN. STAT. ANN. § 81-214 (2018); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2018); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2018); Minnesota, MINN. STAT. ANN. § 333.285 (West 2018); Mississippi, MISS. CODE. ANN. § 75-25-25 (2018); Missouri, MO. ANN. STAT. § 417.061(1) (West 2018); Montana, MONT. CODE ANN. § 30-13-334 (2018); Nebraska, NEB. REV. STAT. ANN. § 87- 140 (Michie 2018); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2018); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2018); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2018); New York, N.Y. GEN. BUS. Law § 360-l (2018); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2018); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2018);

South Carolina, S. C. CODE ANN. § 39-15-1165 (2018); Tennessee, TENN. CODE ANN. § 47-25-513 (2018); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2018); Utah, UT. CODE ANN. § 70-3a-403 (2018); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2018); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2018); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2018).

46. Plaintiff, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays that:**

1. Defendants and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined from:

    a. using the 112 trademark on or in connection with any of Defendants' goods, promotions, advertising and marketing

    b. using the 112 trademark or any other copy, reproduction, colorable imitation, or simulation of Plaintiff's 112 mark on or in connection with Defendantsgoods;

14

c. using any trademark name, of any kind on or in connection with Defendants' performances, appearances and events that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Plaintiff's trademarks.

d. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' advertising, marketing and promotion of any performance, appearance and events that is likely to cause confusion, mistake, deception, or public misunderstanding that such performance, appearance or events are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

e. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' appearances, performances or events that dilutes or is likely to dilute the distinctiveness of Plaintiff's trademarks, trade dresses, names, or logos;

f. passing off, palming off, or assisting in passing off or palming off Defendants' performances, appearances or events as

those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

    g. using Plaintiff's trademark on Defendants' social media, including but not limited to, websites, Facebook, Instagram, Twitter or the like as well as the, the websites of any third parties, in Internet advertisements, and/ or in any advertising, promoting, distributing, offering for sale, and/or selling any services in any media.

2. Defendants be ordered to cease using the 112 trademark in advertising, marketing, promoting, any performance, appearance or event, or any other infringement or any other a confusingly similar use of Plaintiff's 112 trademark that are in Defendants' possession or under its authority, to any promotor, agent, venue or marketer, and also to deliver to each a copy of this Court's order as it relates to said injunctive relief against Defendants;

3. Defendants be compelled to account to Plaintiff for any and all profits derived by Defendants from the use of the 112 trademark in its advertising, promotion and marketing of all performances, appearances and events;

4. Plaintiff be awarded all damages caused by the acts forming the basis of this Complaint;

5. Based on Defendants' knowing and intentional use of a confusingly similar imitation of the Plaintiff 112 trademark the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

6. Defendants be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

7. Based on Defendants' willful and deliberate infringement and/or dilution of the Plaintiff 112 trademark, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

9. Plaintiff be awarded prejudgment and post-judgment interest on all monetary awards; and

10. Plaintiff be granted such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Respectfully Submitted

James L. Walker, Jr.

Counsel for Plaintiff

The Walker Building

                3421 Main Street

                Atlanta, GA 30337

                (770)-847-7363

                GA Bar I.D. No: 260643